**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000870
11-JAN-2013
02:07 PM**

NO. CAAP-12-0000870


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ASSOCIATION OF CONDOMINIUM HOMEOWNERS
OF TROPICS AT WAIKELE, by its Board of Directors,
Plaintiff-Appellee,
v.
PATSY NAOMI SAKUMA, Defendant-Appellant,
and
FIRST HAWAIIAN BANK, a Hawai'i corporation;
WAIKELE COMMUNITY ASSOCIATION, a Hawai'i nonprofit corporation,
Defendants-Appellees,
and
JOHN DOES 1-5; JANE DOES 1-5; et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1487)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over the appeal that Defendant-Appellant Patsy Naomi

Sakuma (Appellant Sakuma) has asserted from the Honorable Bert I.

Ayabe's May 29, 2012 judgment on the order confirming the sale of

the foreclosed property, because Appellant Sakuma's appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

The May 29, 2012 judgment on the order confirming the sale of the foreclosed property is an appealable judgment pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(2) (Supp. 2011). Pursuant to HRAP Rule 4(a)(3),[1] Appellant Sakuma extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the May 29, 2012 judgment when Appellant Sakuma filed her June 7, 2012 motion for reconsideration within ten days after entry of the May 29, 2012 judgment, as Rule 59 of the Hawai'i Rules of Civil Procedure (HRCP) required.

However, when a party files a timely tolling motion that extends the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days

---

[1]     Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

-2-

after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008). On September 5, 2012, the ninety-day time period after the filing of Appellant Sakuma's June 7, 2012 HRCP Rule 59 motion for reconsideration expired, at which time Appellant Sakuma's June 7, 2012 HRCP Rule 59 motion for reconsideration was automatically deemed denied under HRAP Rule 4(a)(3). HRAP Rule 4(a)(3) required Appellant Sakuma to file her notice of appeal within thirty days after the September 5, 2012 HRAP Rule 4(a)(3) automatically deemed denial of Appellant Sakuma's June 7, 2012 HRCP Rule 59 motion for reconsideration. Appellant Sakuma did not file her October 16, 2012 notice of appeal within thirty days after the September 5, 2012 HRAP Rule 4(a)(3) automatically deemed denial of Appellant Sakuma's June 7, 2012 HRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) required for a timely appeal from the May 29, 2012 judgment. Therefore, Appellant Sakuma's appeal is untimely under HRAP Rule 4(a)(3).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack appellate jurisdiction over this case. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000870 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 11, 2013.


Chief Judge

Associate Judge

Associate Judge